IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL ACTION NO.: 1:08-20398-CIV-MARTINEZ

NOÉ ANGELES-HERNÁNDEZ, et al., and all : 
others similarly situated, :
 :
       Plaintiffs, :
 :
v. :
 :
TWO BROTHERS FARM, INC., et al, :
 :
       Defendants. :

**MOTION FOR CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE ACTION, FOR COURT-AUTHORIZED NOTICE, AND FOR DISCLOSURE OF THE NAMES AND ADDRESSES OF POTENTIAL OPT-IN PLAINTIFFS**

In Count I of this action, six migrant farmworkers from Mexico allege that Defendants violated the Fair Labor Standards Act ("FLSA") by unlawfully reducing the farmworkers' wages below the FLSA minimum by shifting travel and visa costs properly borne by the Defendants to the farmworkers and by failing to pay the farmworkers for all their hours worked (Count I). Thirty-two opt-ins have filed consents to sue to join this Count. With this motion, Plaintiffs move this Court for a determination that Count I of this action may proceed as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b). In addition, Plaintiffs move this Court for leave to send a court-authorized notice to potential opt-in plaintiffs, and for an order requiring Defendants to provide Plaintiffs with the names and last known addresses of the potential opt-in plaintiffs. Plaintiffs' counsel has conferred with Defendants in a good faith effort to resolve the issues raised in this motion, but have been unable to do so, as Defendants refused to consent to conditional certification of a collective action.

The grounds for this motion, as set forth more fully in the accompanying brief, are as follows:

1. The FLSA empowers courts to join claims of similarly situated individuals together through a mechanism known as a collective action. 29 U.S.C. § 216(b). This mechanism authorizes Plaintiffs to sue "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs brought Count I as a collective claim. Compl. ¶¶ 84-93.

2. The burden on Plaintiffs to justify collective action treatment is slight in the preliminary stages of litigation and Plaintiffs here surpass this burden for certification of Count I through the allegations of their complaint; the job orders (employment contracts) attached to the original complaint as Exhibits B and C; the affidavits submitted with this motion (attached hereto as Exhibits C-E); and the 32 FLSA consent forms filed with this Court on February 21, April 8, and June 16, 2008 indicating other workers wish to opt in to this action.

3. Because a group of similarly situated workers exists with respect to Count I, certification of a collective action and authorization of notice to putative class members is appropriate. This approach comports with the FLSA's remedial purposes, promotes judicial efficiency by combining claims, allows indigent plaintiffs to aggregate their claims efficiently, and ensures that collective enforcement, as authorized by the FLSA, remains a meaningful remedy.

4. Plaintiffs ask that the Court order Defendants to provide Plaintiffs the names and last known addresses of the potential class members so that Plaintiffs may notify potential class members of the pending suit and their right to participate.

5. Plaintiffs also request that the Court approve the proposed notice (attached to this

motion as Exhibit A) for distribution to potential class members during a three month period subsequent to Defendants' production of potential class members' names and addresses.

WHEREFORE, Plaintiffs pray that this Court:

(i) Certify Count I of this action as a collective action pursuant to 29 U.S.C. § 216(b);

(ii) Approve the proposed notice attached as Exhibit A for distribution to potential class members;

(iv) Require Defendants to produce to Plaintiffs the names and addresses of all potential class members within two weeks of this Court's order;

(v) Grant Plaintiffs a period of at least three months after the complete production of all potential class members' names and addresses during which to distribute notice;

(vi) Require Defendants to post a copy, for the three month opt-in period, of the notice in Spanish, Creole, and English at each trailer, house, barrack or apartment used to house workers currently working at Defendants' farm labor contracting operations (including, but not limited to the following locations: 231 Adams Avenue, Ashburn Georgia, and 2127 W. Avenue, Crossville, Tennessee).

(vii) Grant such other and further relief as justice may require.

Respectfully submitted this _28th_ th day of August, 2008,

s/ Gregory Schell
Gregory Schell
Florida Bar No. 287199
Florida Legal Services, Inc.
Migrant Farmworker Justice Project

3

508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Phone: 561-582-3921
Fax: 561-582-4884
Email: Greg@Floridalegal.org

Andrea J. Vaughn
Georgia Bar No. 324117
Dawson M. Morton
Georgia Bar No. 525985
Lisa J. Krisher
Georgia Bar No. 429762
104 Marietta Street NW, Suite 250
Atlanta, GA 30303
Phone:  (404) 463-1633
Fax:    (404) 463-1623

*Attorneys for Plaintiffs*