UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  08-20398-CIV-MARTINEZ-BROWN

NOE ANGELES HERNANDEZ, JOEL
HERNANDEZ DE LA CRUZ, SANTOS LUCAS
HERNANDEZ, CIRO CARBAJAL HERNANDEZ,
EZEQUIEL RIVERA MORALES, GERMAN
ACOSTA VITE, CELESTINO ESPINOZA
FRANCISCO, MARTIN GARCIA SANCHEZ,
IVAN GUADALUPE MARTINEZ VILLEDA, JUAN
CARLOS PEREZ OLIVEROS, EMIGDIO TREJO
OTERO, ARON ZAMORA VASQUEZ, ADRIAN
ACOSTA VITE, JESUS AZUA RUIZ, ISIDRO
BENITEZ MENDOZA, GREGORIO
MALDONADO RIVERA, SAID MEDINA
HERNANDEZ, FERMIN DE JESUS MEDINA
LOPEZ, HECTOR PEREZ CASELAN, JAVIER
PEREZ CASTELAN, EDUARDO PEREZ LOPEZ,
FELIX RIVERA MARTINEZ, VICTOR HUGO
SALAZAR VILLEGAS, JOSE FELIX SANCHEZ
RAMIREZ, HIPOLITO TREJO DUQUE and all
others similarly situated,

    Plaintiffs,

vs.

TWO BROTHERS FARM, LLC, a Florida Limited
Liability Company, and MICHEL GERMAIN,
individually,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

    On February 15, 2008, Plaintiffs filed the instant case against Defendants alleging, as

Count I, violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a) ("FLSA") and, as Count II,

a state law claim for breach of contract (D.E. No. 1).  This matter has come before the Court

upon Defendants' Motion to Dismiss Count II of the Complaint **(D.E. No. 17)** and Defendants' Motion for a More Definite Statement **(D.E. No. 18)**. For the reasons stated herein, Defendants' motions are DENIED.

## I. Relevant Background and Plaintiffs' Factual Allegations

Plaintiffs in this case are Mexican workers who were lawfully admitted into the United States to perform agricultural farm work in Georgia pursuant to the H-2A visa program (Complaint ¶¶ 7-9). Defendant Two Brothers Farm, LLC ("Two Brothers Farm"), is a farm labor contracting business operated by individual Defendant Michel Germain, who is its Director and Vice President (Complaint ¶¶ 11, 13-14).

In order to obtain workers through the H-2A visa program, employers must file a temporary labor certification application with the Department of Labor ("DOL") (Complaint ¶ 19). The temporary labor certification application contains a job offer, or "clearance order," that must comply with federal regulations mandating minimum benefits, wages, and working conditions (Complaint ¶¶ 19-20). Defendants received approval for two clearance orders, one in 2006 and one in 2007 (Complaint ¶¶ 28-29, 52-53). After each clearance order was approved, Defendants arranged for foreign workers to be recruited and for their H-2A visas to be issued (Complaint ¶¶ 30-34, 54-58). Plaintiffs assert that, at that point, the clearance order constituted a binding employment contract between the Defendants and Plaintiffs, the foreign workers (Complaint ¶¶ 20, 35, 59). The clearance orders listed Defendant Two Brothers Farm as the employer (D.E. No. 1 Exhs. B, C). Defendant Michael Germain signed the "Declaration of Employer" sections as "Michel Germain, Farm Labor Contractor." *Id.*

Plaintiffs allege that Defendants failed to pay them the wage guaranteed by the clearance

order and the wage mandated by the FLSA (Complaint ¶¶ 78, 86, 99). Plaintiffs also allege that Defendants failed to compensate them for all the hours they worked (Complaint ¶ 81). Plaintiffs further allege that Defendants did not provide them with the minimum number of guaranteed work hours provided for in the clearance order. (Complaint ¶¶ 100, 101).

## II. Analysis

A.   **Motion for a More Definite Statement**

Pursuant to Rules 10(b)[1] and 12(e)[2] of the Federal Rules of Civil Procedure, Defendants have moved for a more definite statement of Plaintiffs' claims; specifically, Defendants assert that Plaintiffs' complaint should set forth a separate count for each individual Plaintiff's FLSA and breach of contract claims against each Defendant. A motion for a more definite statement may only be granted, however, "if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Betancourt v. Marine Cargo Mgmt.*, 930 F.Supp. 606, 608 (S.D.Fla. 1996) (internal quotations omitted); *see also Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that a motion for more definite statement is appropriate when a complaint renders it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Plaintiffs' complaint, which clearly sets forth both claims for relief in two separate counts, makes it sufficiently clear which allegations of fact

---

[1] Rule 10(b) provides, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." Fed.R.Civ.P. 10(b).

[2] Rule 12(e) provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

pertain to one claim and which to both. Defendants may not use a motion for more definite statement as a means of discovery regarding those claims. *Royal Shell Vacations, Inc., v. Scheyndel*, 233 F.R.D. 629, 630 (M.D.Fla. 2005). Accordingly, Defendants' motion for a more definite statement (D.E. No. 18) is DENIED.

**B.      Motion to Dismiss**

1.      Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. *M.T.V. v. DeKalb County Sch. Dist.,* 446 F.3d 1153, 1156 (11th Cir. 2006). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

2.      Supplemental Jurisdiction

In support of their motion to dismiss, Defendants assert that Count II, Plaintiffs' breach of contract claim, is not part of the same case or controversy as Count I, Plaintiff's FLSA claim. Thus, Defendants assert, it should be dismissed for lack of supplemental jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in

the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (a). Claims may constitute part of the same "case or controversy" for the purposes of supplemental jurisdiction even when the elements of the federal and state claims are different. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1566 (11th Cir. 1994). When "each claim involves the same facts, occurrences, witnesses, and evidence . . . [t]his commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)." *Id.* Based on the allegations contained in their complaint, it is clear that Plaintiffs' breach of contract claim involves the same facts, occurrences, witnesses, and evidence as their FLSA claim. Thus, Plaintiffs' claim for breach of contract meets 28 U.S.C. §1367(a)'s requirements for supplemental jurisdiction.

Twenty-eight U.S.C. § 1367(c) lays out circumstances under which a court may decline supplemental jurisdiction even when a claim meets the requirements of § 1367(a). Those circumstances occur when "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, [and] (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Defendants have not alleged any factors under 28 U.S.C. § 1367(c) which would provide this Court the discretion to decline supplemental jurisdiction. Therefore, supplemental jurisdiction is appropriate in this case.

3.   Breach of Contract Claim against Defendant Germain

Defendants assert that Defendant Germain was not Plaintiffs' employer and thus was not a party to their employment contract with Defendant Two Brothers Farm. Defendants further

-5-

assert that Plaintiffs have not brought any allegations to justify piercing the corporate veil and holding Defendant Germain liable for the actions of the corporate Defendant, Two Brothers Farm. Defendants therefore assert that Plaintiff's Count II breach of contract claim should be dismissed against Defendant Germain.

Construing the facts alleged in the light most favorable to Plaintiffs, Defendant Germain signed the contracts at issue in the capacity of an officer of Defendant Two Brothers Farm and, under "Declaration of Employer," in the capacity of a farm labor contractor. The contracts incorporate the federal regulations at 20 C.F.R. § 655, Subpart B. *See* (D.E. No. 1)(Exhs. B, C). Those regulations define "employer" as "a person, firm, corporation or other association or organization which suffers or permits a person to work and . . . which has an employer relationship with respect to employees under this subpart as indicated by the fact that it may hire, pay, fire, supervise or otherwise control the work of any such employee."[3] 20 C.F.R. § 655.100(b). The regulations contemplate that an employee may have joint employers. *Id.* Plaintiffs alleged that both Defendants, including Defendant Germain, suffered or permitted Plaintiffs to work and had the power to pay, supervise, or otherwise control that work. Accepting those allegations as true, Defendant Germain was an employer under the terms of the contracts at issue. Therefore, Plaintiffs may bring a claim against him individually for the breach of the employment contracts.

### III. Conclusion

Accordingly, for the reasons contained herein, it is hereby:

---

[3] The FLSA, which permits individuals within a corporation to be sued alongside the corporation as employers, defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g).

ORDERED AND ADJUDGED that

1. Defendants' Motion for More Definite Statement **(D.E. No. 18)** is **DENIED**, and

2. Defendants' Motion to Dismiss Count II of the Complaint **(D.E. No. 17)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of September, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record