UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  08-20398-CIV-MARTINEZ-BROWN

NOE ANGELES HERNANDEZ, JOEL
HERNANDEZ DE LA CRUZ, SANTOS LUCAS
HERNANDEZ, CIRO CARBAJAL HERNANDEZ,
EZEQUIEL RIVERA MORALES, GERMAN
ACOSTA VITE, CELESTINO ESPINOZA
FRANCISCO, MARTIN GARCIA SANCHEZ,
IVAN GUADALUPE MARTINEZ VILLEDA, JUAN
CARLOS PEREZ OLIVEROS, EMIGDIO TREJO
OTERO, ARON ZAMORA VASQUEZ, ADRIAN
ACOSTA VITE, JESUS AZUA RUIZ, ISIDRO
BENITEZ MENDOZA, GREGORIO
MALDONADO RIVERA, SAID MEDINA
HERNANDEZ, FERMIN DE JESUS MEDINA
LOPEZ, HECTOR PEREZ CASELAN, JAVIER
PEREZ CASTELAN, EDUARDO PEREZ LOPEZ,
FELIX RIVERA MARTINEZ, VICTOR HUGO
SALAZAR VILLEGAS, JOSE FELIX SANCHEZ
RAMIREZ, HIPOLITO TREJO DUQUE and all
others similarly situated,

     Plaintiffs,

vs.

TWO BROTHERS FARM, LLC, a Florida Limited
Liability Company, and MICHEL GERMAIN,
individually,

     Defendants.
_____/

### ORDER ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION

This matter came before the Court on Plaintiffs' motion for conditional certification of an

FLSA collective action, for Court-authorized notice, and for disclosure of the names and

addresses of potential opt-in Plaintiffs **(D.E. No. 29)**.  Plaintiffs are migrant farm workers who

have brought suit under the Fair Labor Standards Act, 29 U.S.C. § 206(a) ("FLSA") asserting claims for unpaid wages and wages that were below the federal minimum.

Twenty-nine U.S.C. § 216(b) provides that an FLSA action, such as this one, may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 20 U.S.C. §216(b). In *Hipp v. Liberty National Life Insurance Company*, the Eleventh Circuit outlined a two-tiered procedure for determining whether plaintiffs are "similarly situated" for class certification under section 216(b). 252 F. 3d 1208, 1217 (11th Cir. 2001). In making the first determination, at what is often called the "notice stage," the Court makes a decision as to whether potential class members should receive notice of this action. *Id.* at 1218. At this stage, the Court considers the pleadings and any affidavits in the record. If a plaintiff makes a sufficient showing and the action is conditionally certified, the putative class is given notice and provided with the opportunity to opt-in. *Id.* The second determination generally occurs upon a motion for decertification filed by Defendant. This motion is generally filed after discovery is complete or has almost been completed. *Id.*

In considering Plaintiff's motion, the Court is making a first determination under *Hipp*. Although a plaintiff's burden in this first stage is light, a plaintiff still must make a foundational showing of the existence of the proposed class. *See Dybach v. State of Fla. Dep't of Corr.,* 942 F. 2d 1562, 1567-68 (11th Cir. 1991). In this first stage, the court must "satisfy itself that there are other employees of the . . . employer who desire to 'opt-in' and are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* To demonstrate that there are other, similarly situated plaintiffs, Plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart*

*Corp.*, 79 F. 3d 1086, 1096 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 407 (D.N.J. 1988)) (internal quotation marks omitted). A plaintiff may meet this burden "by making substantial allegations of class-wide . . . [violations], that is, detailed allegations supported by affidavits." *Grayson*, 79 F.3d at 1097.

In the present case, Plaintiffs have produced ample evidence of other employees who desire to "opt-in" to this action (D.E. Nos. 6, 14, 27). Moreover, they have alleged class-wide violations of FLSA and produced declarations indicating that other employees were "similarly situated" to Plaintiffs during the time period at issue (D.E. Nos. 29-6, 29-7, 29-8). Finally, Defendants have not filed a memorandum of law in opposition to Plaintiffs' motion, which provides this Court with the ability to grant Plaintiffs' motion by default. *See* L.R. 7.1C, S.D. Fla. Accordingly, it is hereby:

ORDERED AND ADJUDGED that

1. Plaintiffs' motion for conditional certification of an FLSA collective action **(D.E. No. 29)** is **GRANTED** and Count I of this action is conditionally certified;

2. Plaintiffs' proposed notice of right (D.E. No. 29-4) is approved for distribution to potential class members;

3. Defendants are ORDERED to produce to Plaintiffs the names and addresses of all potential class members within fourteen (14) days of the entry of this Order;

4. After Defendants have produced the names and addresses of potential class members to Plaintiffs, Plaintiffs shall have ninety (90) days to distribute notice; and

5. During this 90-day opt-in period, Defendants are ORDERED to post a copy a

copy of the notice in Spanish, Creole, and English at each trailer, house, barrack, or apartment used to house workers currently working at Defendants' farm labor contracting operations.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of October, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record